# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Allison Clarkin, ) | Civil Action No.: 2:06-3212-CWH |
| Allison Clarkin, as Guardian Ad Litem ) | |
| For Michael Clarkin, ) | Civil Action No.: 2:06-3213-CWH |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Kalmar Industries AB, Harry Boineau, III, ) | |
| L. Ernest Varner, II, Lou Goehring, and ) | |
| W. Jared Truesdale, Jr., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On July 7, 2006, the plaintiffs, South Carolina citizens, commenced these cases against Kalmar Industries AB, a Swedish corporation, in state court. The plaintiffs served Kalmar Industries AB ("Kalmar Sweden") on October 13, 2006. On November 13, 2006, Kalmar Sweden removed the cases to this Court on the basis of diversity jurisdiction. On November 15, 2006, after removal and before Kalmar Sweden filed a responsive pleading, the plaintiffs amended their complaints and joined four defendants: (1) Harry Boineau, III, (2) L. Ernest Varner, II, (3) Lou Goehring, and (4) W. Jared Truesdale, Jr. These four defendants (hereinafter referred to as "new defendants") are South Carolina citizens, and their presence in the cases defeats diversity jurisdiction.

On November 30, 2006, Kalmar Sweden filed a motion to dismiss for the lack of personal jurisdiction. On December 1, 2006, the plaintiffs moved to remand the cases based on the lack of complete diversity. Kalmar Sweden opposed the motion to remand and moved to strike the joinder of the new defendants. Kalmar Sweden argues that the plaintiffs joined the new defendants to defeat diversity jurisdiction and that, pursuant to the discretion provided by 28

U.S.C. § 1447(e), the Court should deny joinder. On January 9, 2007, Gregory Poole Equipment Company, the employer of the new defendants, filed a motion to intervene and substitute as a defendant. On March 27, 2007, the Court heard the parties' arguments. This matter is ready for disposition.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under section 1447(e), the decision whether or not to permit joinder is committed to the discretion of the district court. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999).

For the reasons stated during the March 27, 2007 hearing, the Court permits the joinder of the new defendants, and it remands the cases to state court. All other pending motions are hereby rendered moot in this Court.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 30, 2007
Charleston, South Carolina